# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| JACK W. LAWSON and MARY ANN LAWSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) C.A. No. N14C-01-020 MMJ |
| | ) |
| STATE OF DELAWARE, DEPARTMENT OF TRANSPORTATION, and SHAILEN P. BHATT, | ) |
| | ) |
| Defendants. | ) |

Submitted: July 7, 2014
Decided: July 14, 2014

Upon Plaintiffs' Application for Certification of an Interlocutory Appeal
**DENIED**

## ORDER

Richard L. Abbott, Esquire, Abbott Law Firm, Attorney for Plaintiffs

Gregory B. Williams, Esquire, Wali W. Rushdan II, Esquire, Fox Rothschild LLP, Attorneys for Defendants

**JOHNSTON, J.**

1. On January 4, 2013, Plaintiffs Jack W. Lawson and Mary Ann Lawson filed a complaint in the Delaware Superior Court asserting two claims: (I) inverse condemnation; and (II) a civil rights violation pursuant to 42 U.S.C. § 1983. Defendant Shailen P. Bhatt filed a Motion to Dismiss, or in the Alternative, to Stay Count II of the Amended Complaint pursuant to Superior Court Civil Rule 12(b)(6). On June 11, 2014, the Court denied Defendant Bhatt's Motion to Dismiss, and granted the alternative Motion to Stay Count II. The Court found that where an inverse condemnation claim is brought in tandem with a 42 U.S.C. § 1983 claim, precedent supports staying the Section 1983 claim until the inverse condemnation claim proceeds to conclusion.[1]

2. On June 24, 2014, Plaintiffs filed an Application for Certification of an Interlocutory Appeal. Plaintiffs argue that the Court's June 11, 2014 Order determined a substantial issue in the case because it "is effectively case dispositive against Bhatt; it stayed prosecution of the Federal law claim and declared that if the Delaware State law claim is successful then the Section 1983 claim likely is moot."[2] Plaintiffs contend that the June 11, 2014 Order establishes their legal right to seek and obtain an award of money damages for the violation of their rights

---

[1] *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194-95 (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1013, 1018 n.21 (1984)); *In re 244.5 Acres of Land*, 2000 WL 303345, at \*3 (Del. Super.).

[2] Plaintiffs' Application for Certification of Interlocutory Appeal, ¶ 2.

under 42 U.S.C. § 1983. Plaintiffs argue that this is a case of first impression. Defendants contend that the requirements of Supreme Court Rule 42, for certification of an interlocutory appeal, have not been met.

3. Supreme Court Rule 42(b) provides the criteria for determining whether an issue should be certified for an interlocutory appeal. No interlocutory appeal will be certified unless the order of the trial court determines a substantial issue, establishes a legal right, and meets one or more of the five criteria set forth in Supreme Court Rule 42(b)(i)-(v). Under Rule 42(b)(i), the Court may look to the criteria established by Rule 41.

4. The Court's June 11, 2014 Order staying Count II until the resolution of the inverse condemnation proceeding did not determine a substantial issue in the case. "The 'substantial issue' requirement is met when an interlocutory order decides a main question of law which relates to the merits of the case, and not to collateral matters."[3] The Order determined a procedural issue in accordance with applicable precedent and did not address the substantive merits of the case. The Delaware Supreme Court "generally does not accept interlocutory appeals relating to motions to stay because motions to stay usually do not address the substantive merits of the parties' underlying claims, which is the central focus of the Rule 42

---

[3] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 2861717, at *1 (Del. Ch.).

analysis."[4]  Further, determining if an inverse condemnation claim should proceed in tandem with a 42 U.S.C. § 1983 claim is not an issue of first impression.[5]

5. This case will proceed to trial in the ordinary course.  There is no reason why this issue should not be subject to appellate review at the conclusion of the litigation.

**THEREFORE,** Plaintiffs have failed to demonstrate that any Delaware Supreme Court Rule 42(b) criteria require that the Court exercise its discretion to certify an interlocutory appeal.   The Application for Certification of an Interlocutory Appeal is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/   *Mary M. Johnston*_____
The Honorable Mary M. Johnston

---

[4] *Mich II Holdings LLC v. Schron*, 2012 WL 3224351, at *6 (Del. Ch.).

[5] *See In re 244.5 Acres of Land*, 2000 WL 303345, *2 (Del. Super.).

3